IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KELLI FLOREK,<br><br>                Plaintiff,<br><br>vs.<br><br>CREIGHTON UNIVERSITY, KATIE WADAS-THALKEN, RHONDA JONES, and MARYANN SKRABAL,<br><br>                Defendants. | **8:22CV194**<br><br>**MEMORANDUM AND ORDER** |

Before the Court are the parties' motions in limine. Filing No. 78 and Filing No. 85. The motions are granted in part and denied in part. Specifically, Florek's motion in limine and Creighton's fourth motion in limine are overruled. Creighton's first motion in limine is overruled in part and sustained in part. Creighton's second, third, fifth, and sixth motions in limine are sustained.

## BACKGROUND

This discrimination case arises out of Plaintiff, Kelli Florek's dismissal from Defendant, Creighton University's school of pharmacy.[1] After the Court's ruling on summary judgment, Florek's remaining claims under the ADA are: (1) failure to accommodate, and (2) retaliation. Florek's remaining state law claims are: (1) tortious interference with contract, and (2) unjust enrichment. The case is set for trial on November 18, 2024.

Florek has filed one motion in limine. Filing No. 85. Creighton has filed seven motions in limine. Filing No. 78. The Court addresses each in turn.

---

[1] A more complete version of the factual and legal background is available in the Court's order granting Creighton's motion for summary judgment in part. Filing No. 76.

1

**STANDARD OF REVIEW**

A motion in limine allows a court to resolve evidentiary questions prior to trial, thereby streamlining trial proceedings, and pruning out "evidentiary submissions that clearly ought not be presented to the jury because they would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). However, a district court need not resolve all evidentiary questions on a motion in limine because "some evidentiary submissions . . . cannot be evaluated accurately or sufficiently by the trial judge" and should "defer[] ruling on matters . . . until the issue [can] be determined in a more concrete setting." *Id.*

Federal Rule of Evidence 401 provides that "evidence is relevant if it has any tendency to make a fact more or likely than it would be without the evidence; and the fact is of consequence in determining the action." Irrelevant evidence may not be admitted. Fed. R. Evid. 402.

Fed. R. Evid. 403 permits the Court to exclude otherwise "relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Unfair prejudice means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily an emotional one." *Walker v. Kane*, 885 F.3d 535, 540 (8th Cir. 2018).

Fed. R. Evid. 701 governs the offering of opinion testimony by lay witnesses. A lay witnesses may testify to their opinion so long as the opinion is: "[1] rationally based on the witness's perception; [2] helpful to clearly understanding the witness's testimony or

determining a fact at issue; and [3] not based on scientific, technical or specialized knowledge within the scope of Rule 702."

## DISCUSSION

### A. Florek's Motion to Exclude Testimony Regarding her Background with Greg Harmon

Florek moves to prevent the jury from hearing details of her relationship with Greg Harmon. Specifically, Florek contends the probative value of evidence that she lived on Harmon's property, borrowed money from Harmon, and received personal and financial support from Harmon is outweighed by the danger of unfair prejudice. Filing No. 86 at 1–2. Creighton argues evidence that Harmon is close with Florek and has a financial stake in the outcome of the litigation is probative evidence of bias and there is no danger of unfair prejudice. Filing No. 89 at 1–3. The Court agrees with Creighton. "[T]he bias of a witness is always relevant." *United States v. Caldwell*, 88 F.3d 522, 525 (8th Cir. 1996). Here, Harmon will be testifying in support of Florek's claim and a jury may view his testimony with a more jaundiced view, knowing he is a friend of Florek, is funding the lawsuit, and has a financial stake in the outcome of the litigation. Moreover, Florek does not identify any reason why this information would cause the jury to decide the case on improper grounds. The possibility that a jury may find a testifying witness less credible because of bias is not unfair prejudice because "evidence is not unfairly prejudicial merely because it is unfavorable." *United States v. Goodhouse*, 81 F.4th 786, 792 (8th Cir. 2023). Therefore, Florek's motion in limine is overruled.[2]

---

[2] The Court does not address the permissible scope of testimony regarding the fee structure between Florek, Harmon, and Plaintiff's counsel, which may implicate other issues. The Parties should be prepared to address this issue if necessary.

3

### B. Creighton's Motion to Exclude Testimony Regarding Other Accommodations Addressed in the Court's Summary Judgment Order.

Creighton moves to bar Florek from arguing or testifying regarding other purported accommodations that the Court determined she was not entitled to under the ADA. Specifically, it argues there is a danger of unfair prejudice that the jury would find in Florek's favor based on accommodations she was not entitled to as a matter of law. Filing No. 79 at 2–3. Florek argues that the other accommodations are probative on two theories: (1) language in the Court's summary judgment order regarding withdrawal of supports after Spring 2020, and (2) testimony regarding the other accommodations is necessary to prove her retaliation case. Filing No. 91 at 1–2.

The first argument is unfounded because the Court's summary judgment order kept Florek's failure to accommodate claim alive for two specific accommodations: (1) extra time on quizzes, and (2) changing the time of Florek's May 2021 exam. Filing No. 76 at 38. The Court's reference to withdrawal of academic supports was intended (unclearly perhaps) to address Creighton's defense related to Florek's compliance with Creighton's procedures for requesting accommodations. Id. There is no freestanding claim based on withdrawal of supports after Spring 2020.

The second argument is well founded. One of the elements of Florek's retaliation claim is "a good faith reasonable belief that the alleged retaliator was engaging in discriminatory activity." Amir v. St. Louis Univ., 184 F.3d 1017, 1029 (8th Cir. 1999). A request for accommodation under the ADA is protected activity even if the requestor was not actually entitled to the accommodation. See Heisler v. Metro. Council, 339 F.3d 622, 632 (8th Cir. 2003) (holding, in the Title I context, a person who was not disabled had a retaliation claim based on their good faith request for accommodation). Therefore,

4

evidence of other accommodations, even if not appropriate under the ADA, may be relevant to assess whether Florek had a good faith reasonable belief she was being discriminated against.

The Court recognizes the possibility for juror confusion and unfair prejudice, given that there is a live failure to accommodate claim that overlaps imperfectly with the retaliation claim. However, the Court is going to take other steps besides exclusion to address this issue. *See United States v. Crawford*, 413 F.3d 873, 876 (8th Cir. 2005) ("Limiting instructions decrease the danger of unfair prejudice."). Specifically, the Court plans to: (1) instruct the jury and indicate on the verdict form that extra time on quizzes and test rescheduling are the only live accommodations, (2) give an instruction that the Court found Florek was not entitled to other accommodations on summary judgment. The Court is also amenable to a limiting instruction depending on how the testimony comes in. In sum, the Court will allow Florek to discuss the circumstances associated with the other accommodations but will not allow her or her counsel to argue that Creighton was required to provide them. With these measures, the Court believes it can avoid undue prejudice and juror confusion.

Therefore, Creighton's first motion in limine is overruled in part and sustained in part.

### C. Creighton's Motion to Exclude Testimony Regarding Engagement with the Interactive Process.

Creighton moves to exclude reference to Creighton's failure to engage in the interactive process. Filing No. 79 at 4–10. Florek concedes this is no longer an issue in the case. Filing No. 91 at 2. Therefore, Creighton's second motion in limine is sustained.

5

### D. Creighton's Motion to Exclude Opinion Evidence from Greg Harmon Regarding Florek's Disability.

Creighton moves to exclude opinion testimony from Greg Harmon, a lay witness, regarding Florek's disability and need for accommodation, arguing such evidence must be presented by an expert. Filing No. 79 at 4–5. Florek argues Harmon has worked with Florek and has seen the symptoms of her TBI up close and, therefore, would be able to testify to his lay observations regarding her symptoms and articulate opinions based on his rationally based perceptions. Filing No. 91 at 2–3; Fed. R. Evid. 701. The Court agrees Harmon can testify to his observations of Florek before and after her TBI and his experience working with Florek in a pharmacy setting. However, it would be improper for Harmon to diagnose Florek or opine on what accommodations should have been provided in an academic setting. *See* Stern v. Univ. of Osteopathic Med. & Health Scis., 220 F.3d 906, 908–09 (8th Cir. 2000) (recognizing that such topics may require medical, scientific, or technical expertise). At the pretrial hearing, Florek raised the possibility that as a pharmacist, Harmon can testify to the effectiveness of certain medications for treating Florek's conditions. This goes too far. Harmon was not disclosed as an expert or a treating professional and the parties have not engaged in discovery regarding Harmon's management of Florek's pharmacology.

Therefore, Creighton's third motion in limine is sustained. Harmon can testify to his lay observations of Florek's condition and her experience in a pharmacy setting but cannot offer opinions that require scientific, technical, or specialized knowledge.

### E. Creighton's Motion to Exclude Florek's Subjective Belief About Discrimination.

Creighton moves to bar Florek's testimony regarding her subjective belief of discrimination as more prejudicial than probative. Filing No. 79 at 5–6. Florek argues such testimony is relevant to her retaliation claim. The Court agrees with Florek. The jury needs to decide whether Florek had "a good faith reasonable belief that the alleged retaliator was engaging in discriminatory activity." *Amir*, 184 F.3d at 1029. Therefore, she should have the chance to explain her reasonable belief to the jury. To the extent Creighton believes this belief is unfounded they are welcome to attack that belief on cross examination. *United States v. Macrina*, 109 F.4th 1341, 1350 (11th Cir. 2024) (cross examination can alleviate potential unfair prejudice). Moreover, to the extent specific testimony goes beyond the scope of Florek's personal knowledge or rationally based perception, Creighton is welcome to object at trial. *See* Fed. R. Evid. 602, 701. Therefore, Creighton's fourth motion in limine is overruled.

### F. Creighton's Motion to Exclude Lay Witness Opinions Regarding the Fairness of Florek's Treatment.

Creighton moves to bar testimony from non-plaintiff witnesses regarding their opinion about the fairness of Florek's treatment, contending such opinions are not helpful to the jury. Filing No. 79 at 6; Fed. R. Evid. 701(b). Florek does not oppose this motion, so long as Florek is permitted to testify to her reasonable belief that Creighton was engaged in discriminatory conduct. Filing No. 91 at 3–4. Given that concession, the Court sustains Creighton's fourth motion in limine as to the non-plaintiff witnesses' subjective opinions on whether Creighton's conduct was retaliatory or unfair.

**G. Creighton's Motion to Exclude Treating Physician Opinions**

Creighton moves to exclude expert opinions offered Florek's treating physicians that go beyond the scope of their treatment. Filing No. 79 at 6–7. Florek does not object to this limitation and does not intend to offer such opinions. Filing No. 91 at 4. The treating physicians should keep their testimony within the scope of their examination and disclosed opinions. Therefore, Creighton's fifth motion in limine is sustained.

**H. Creighton's Motion to Exclude Evidence Related to Punitive and Emotional Distress Damages.**

Creighton moves to exclude evidence related to punitive and emotional distress damages, arguing such damages are not recoverable under any of Florek's theories. Filing No. 79 at 7–9. Florek concedes that only traditional contract damages are at issue. Filing No. 91 at 4–5. The Court agrees punitive and emotional distress damages are not available under the Rehabilitation Act or state law. *See Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 221 (2022) (holding a Rehabilitation Act plaintiff can only recover compensatory damages traditionally recoverable in contract and cannot recover emotional distress damages); *Barnes v. Gorman*, 536 U.S. 181, 189 (2002) (holding a Rehabilitation Act plaintiff cannot recover punitive damages); *O'Brien v. Cessna Aircraft Co.*, 903 N.W.2d 432, 458 (Neb. 2017) (recognizing punitive damages are not recoverable under Nebraska law). Therefore, if Florek can show intentional discrimination, her only recovery is her economic damages. *Cummings*, 596 U.S. at 221; *Barnes*, 536 U.S. at 189. Therefore, Creighton's sixth motion in limine is sustained and Florek may not offer evidence of her emotional distress damages or argue for punitive damages.

## CONCLUSION

For the forgoing reasons, IT IS ORDERED:

1. Plaintiff's motion in limine (Filing No. 85) is overruled.

2. Defendants' motions in limine (Filing No. 78) are overruled in part and sustained in part as provided herein.

Dated this 15th day of November 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge