IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KELLI FLOREK,<br><br>    Plaintiff,<br><br>vs.<br><br>CREIGHTON UNIVERSITY, KATIE WADAS-THALKEN, RHONDA JONES, and MARYANN SKRABAL,<br><br>    Defendants. | 8:22CV194<br><br>MEMORANDUM AND ORDER |

Before the Court is Creighton's Motion to Strike Tana Teicheira and Dr. Alexandra Galati from Kelli Florek's witness list. Filing No. 104. Creighton's motion is denied. Teicheira and Galati can testify but they are limited to testimony regarding their observations and diagnoses made during their treatment and cannot offer other, non-disclosed opinions.

### BACKGROUND

Florek was dismissed from Creighton's pharmacy program in 2021 and brought the present lawsuit arguing her dismissal was retaliation for advocacy related to a 2019 traumatic brain injury. Filing No. 1. Both witnesses are treating providers who met with Florek starting in 2023. Filing No. 106-2 at 32. Florek disclosed the witnesses in her Rule 26 disclosures but did not designate them as experts or offer a summary of facts relied on and conclusions. *Id.* In parallel, Creighton filed a motion in limine seeking to exclude opinions from treating physicians that went beyond the scope of their treatment. Filing No. 78. The Court granted the motion. Filing No. 103.

1

Creighton moves to bar Teicheira and Galati from testifying at all. Specifically, it argues their testimony requires scientific, technical, or otherwise specialized knowledge and Florek did not comply with the disclosure requirements mandated by Fed. R. Civ. P. 26(a)(2)(C) and the medical evidence, created in 2023, should be excluded because it is unimportant. See Fed. R. Evid. 702; Filing No. 105 at 3–5. At a pretrial conference, Creighton's counsel indicated it was prepared to cross examine the witnesses and would be amenable to testimony regarding the witnesses' lay observations and diagnoses made during the course of treatment.

## LEGAL STANDARD

As non-retained experts, neither treating provider was required to provide a written report. See Fed. R. Civ. P. 26(a)(2)(B). However, Florek was required to disclose, within 90 days of trial, "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)–(D). Failure to timely disclose triggers sanctions but the district court "has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case when a party fails to provide information or identify a witness in compliance with Rule 26(a)." Gruttemeyer v. Transit Auth., 31 F.4th 638, 644–45 (8th Cir. 2022). The Court's discretion is guided by "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." Id. (quoting Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008)). "[E]xclusion of evidence is a harsh penalty and should be used sparingly." Id. at 645.

**DISCUSSION**

Here, to the extent Teicheira and Galati are offering conclusions that rely on scientific knowledge, the Court agrees that Florek did not comply with the requirements of Rule 26(a)(2)(B). Specifically, while Florek provided "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" she did not provide "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. Proc. 26(a)(2)(C)(i)-(ii); Filing No. 106-2 at 32 (Florek's Rule 26 disclosures). Florek argues because Teicheira and Galati are fact witnesses (as treating physicians) there are no disclosure requirements under Rule 26. Filing No. 109 at 1–2. However, the committee notes to the 2010 amendments to Rule 26, which added 26(a)(2)(B) disclosure requirements, belie that argument. Specifically, the committee indicated:

> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.

Fed. R. Civ. P. 26 Advisory Committee's Notes to 2010 amendment. Courts have generally agreed to the extent these hybrid witnesses seek to offer opinion testimony based on their specialized knowledge along with lay testimony they must comply with the disclosure requirements under 26(a)(2)(B). *Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 253–54 (4th Cir. 2022). Here, while Florek was justified in not providing a full expert report, she was still required to disclosure opinions that relied on specialized knowledge and the facts relied on to reach those opinions. While the line

between lay observations and expert conclusions can be fuzzy in the treating provider context (specifically, the difference between clinical observations and a formal diagnosis of a condition) at least some of the contemplated testimony, that relies on the expertise of the witnesses, should have been disclosed.

Despite Florek's, perhaps technical, noncompliance with Rule 26, the Court will not strike Teicheira and Galati but will limit the scope of their testimony. Specifically, consistent with the Court's order on motions in limine, each witness can testify to their observations and diagnoses made during their treatment but cannot offer opinions beyond the scope of their treatment. Filing No. 103. First, the Court does not believe there was any malice or gamesmanship on the part of Florek's counsel, rather there was a good faith misunderstanding of the scope of Florek's disclosure obligations. Second, there is no surprise or undue prejudice because Creighton received records and took deposition testimony on the topics contained in the records. Moreover, Florek represented to the Court that the witnesses will not reach any conclusions beyond what is contained in the records produced in discovery and Creighton indicated they are prepared to cross examine based on the diagnoses presented in the medical record. Third, given that Creighton is prepared to cross examine without additional disclosure or discovery, allowing this limited category of testimony will not disrupt the order and efficiency of trial. Finally, this testimony is important because it offers the jury objective medical evidence about Florek's alleged disability. Creighton's argues the testimony is unimportant because the examinations took place two years after Florek's dismissal. Creighton is welcome to cross examine on that point, but it does not mandate the harsh medicine of excluding evidence.

For the reasons stated above, IT IS ORDERED:

1. Creighton's motion to strike, Filing No. 104, is denied.

Dated this 20th day of November, 2024.

                                       BY THE COURT:

                                       s/ Joseph F. Bataillon
                                       Senior United States District Judge