IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KELLI FLOREK,<br><br>          Plaintiff,<br><br>vs.<br><br>CREIGHTON UNIVERSITY, RHONDA JONES, and MARYANN SKRABAL,<br><br>          Defendants. | **8:22CV194**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendants' ("Creighton") Motion for Judgment as a Matter of Law under Fed. R. Civ. P. 50(a) at the conclusion of Plaintiff Kelli Florek's case in chief at trial. The Court grants the motion in part and takes it under advisement in part. Specifically, Creighton is entitled to judgment as a matter of law on Florek's failure to accommodate claim and unjust enrichment claim. Individual defendant, Katie Wadas-Thalken is entitled to judgment as a matter of law and is dismissed consistent with the stipulation of the parties. The remaining issues were taken under advisement and Creighton's motion is denied as moot in light of the jury's verdict.

**BACKGROUND**

The exhaustive factual background of this case is discussed in detail on the Court's prior order granting Creighton's Motion for Summary Judgment in part. *See Florek v. Creighton Univ.*, No. 8:22CV194, 2024 WL 4581466, at *1–9 (D. Neb. Oct. 18, 2024). In broad strokes, this case involves a fraught relationship between Florek and Creighton that resulted in Florek's dismissal from Creighton's pharmacy program. In 2019, Florek suffered a traumatic brain injury ("TBI") and received temporary accommodations through Creighton's Office of Disability Accommodations ("ODA"). In 2021, communication broke

1

down between Florek and Creighton across several incidents in which Florek was issued professionalism citations. Based on the accumulation of professionalism citations, Florek was dismissed from the pharmacy program.

### A. Failure to Accommodate

Florek sued, arguing in part, that the Creighton's efforts to accommodate her disability were insufficient. Filing No. 1. The Court rejected most of these arguments on summary judgment, finding either Florek had not requested the proposed accommodations, did not identify what accommodations were not granted at summary judgment, or that Creighton denied the accommodations based on a reasonable exercise of academic judgment. *Florek*, 2024 WL 4581466 at *17. The Court allowed Florek's failure to accommodate claim to go forward to trial based on two incidents. *Id.* First, in 2020, Creighton did not provide time and one half on certain quizzes. *Id.* Second, in 2021, Creighton refused to allow Florek to move the time of one of her final exams. *Id.* The Court determined that summary judgment was inappropriate based on the arguments presented by Creighton. *Id.*

At trial, Florek presented additional evidence regarding the quizzes. Specifically, she testified that the issue came up in a single class during the 2020 spring semester. During that class, students took five-minute quizzes on course topics. With her accommodations, Florek was permitted seven and a half minutes to take the quizzes. Florek received 100% on the first two quizzes. After not receiving time and a half on the third quiz, Florek informed her instructor that she had a time and a half accommodation. The instructor apologized and allowed her to retake the quiz with seven and a half minutes.

The rescheduling of the test was more complex but was ultimately resolved based on a simple core of facts.  When Florek first sustained her TBI, she provided a note from a nurse practitioner indicating she was being treated for a TBI but did provide information regarding the timeline for recovery or detail Florek's functional limitations.[1]  Trial Ex. 3.  In connection with the initial request for documentation, Florek indicated that treatment was expected to last a year.  Trial Ex. 7.  When she renewed her temporary supports in the spring of 2020, she provided a note from a general practitioner requesting extra time and blue light filtering glasses for computer tasks.  Trial Ex. 19.[2]  Like the prior documentation, it did not provide a timeline for recovery or identify functional limitations.  Neither document from her providers identified changing the date of exams or assignments as a modification that was necessary to accommodate Florek's TBI.  On several occasions, the ODA requested documentation from a specialist and Florek indicated she was planning to see a neurologist, but ultimately did not provide any documentation from a neurologist.  *See e.g.*, Trial Ex. 14.

Florek did not request accommodations through the ODA for the fall 2020 or spring 2021 semesters.  In May 2021, Florek requested to move the time of one of her finals by a few hours to allow for a distraction-free environment.  When the professor denied her request, she requested to move her exam 72 hours because the stress exacerbated the symptoms of her TBI.  Florek was referred to the ODA, who requested updated documentation.  Trial Ex. 368.  Florek, believing the request was not permitted under the

---

[1] In relevant part, the letter read, "Kelli L Florek is under my medical care, she recently suffered a concussion in June.  I am requesting the patient be given extended time to finish test and assignments." Trial Ex. 3.
[2] In relevant part, the letter read, "Ms. Florek sustained a concussion.  Please allow her extended time to complete schoolwork, tasks, tests, and quizzes.  She also has a history of migraines that are exacerbated by light. Please allow her to use blue light filtering glasses."  Trial. Ex. 19.

ADA, refused to provide supplemental documentation. *Id.* Ultimately, Florek took the exam at the originally scheduled time.

### B. Unjust Enrichment

Florek also pled an unjust enrichment claim. Filing No. 1. Her theory of recovery was that she paid tuition, and it was unjust for Creighton to retain the tuition after a dismissal related to her disability. *Id.* Creighton moved for summary judgment, arguing the refund policy in the student handbook was incorporated into an implied contract between Creighton and Florek, precluding an unjust enrichment remedy. *Florek*, 2024 WL 4581466 at *31. The Court denied Creighton's motion because, under Nebraska law, the contents of an implied contract are a fact question for the factfinder. *Id.* At the pretrial conference, the parties agreed to submit the unjust enrichment claim to the Court.[3] At trial, Florek did not present evidence that she paid tuition, what semesters she paid tuition, or the value of the tuition. Indeed, the only evidence regarding the payment of tuition came from Florek's mentor, Gregory Harmon, who testified he paid Florek's pharmacy school tuition for all but one term, in which Florek's father paid her tuition. At the hearing on Creighton's Rule 50(a) motion, Florek's counsel conceded the evidence presented at trial was insufficient to allow Florek to recover under an unjust enrichment theory and stipulated to judgment for Creighton.

### C. Wadas-Thalken

Wadas-Thalken was the Assistant Dean of Academic Affairs during Florek's time at Creighton and was named as an individual defendant in Florek's tortious interference

---

[3] Given the agreement between the parties, the Court does not address whether unjust enrichment is an equitable remedy or a legal that would trigger a right to a jury trial under the Seventh Amendment. Even if the unjust enrichment claim had proceeded to the jury, Creighton would be entitled to judgment as a matter of law under Rule 50(a).

with contact claim. Filing No. 1. At trial, testimony showed that Wadas-Thalken could not grant or deny disability accommodations, issue professionalism citations, approve professionalism citations, vote on probationary events, or vote to dismiss Florek from the pharmacy program. Nor did Florek present evidence that Wadas-Thalken was aware of Florek's business relationship with Harmon. At the hearing on Creighton's Rule 50(a) motion, Florek's counsel represented that the parties agreed Wadas-Thalken should be dismissed from the case.

### D. The Jury's Verdict

The Court orally granted Creighton's Rule 50(a) motion on Florek's failure to accommodate and unjust enrichment claims against Creighton and tortious interference claim against Wadas-Thalken. The Court took Creighton's motion under advisement as to Florek's retaliation and tortious interference claims against the remaining defendants and submitted them to the jury. The jury returned a verdict in favor of the defendants on all counts.

## LEGAL STANDARD

Fed. R. Civ. P. 50(a) provides for judgment as a matter of law "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." On a Rule 50(a) motion the Court must "draw all reasonable inferences in favor of the nonmoving party without making credibility assessments or weighing the evidence." *First Union Nat. Bank v. Benham*, 423 F.3d 855, 863 (8th Cir. 2005) (internal citations omitted). "Judgement as a matter of law is appropriate where the record contains no proof beyond speculation to support [a] verdict." *Id.*

## DISCUSSION

Creighton is entitled to judgment as a matter of law on Florek's failure to accommodate and unjust enrichment claims. Wadas-Thalken is entitled to judgment as a matter of law on Florek's tortious interference claim.

### A. Failure to Accommodate

There is not sufficient evidence for a reasonable jury to find for Florek on her failure to accommodate claim. Specifically, on quizzes, no reasonable jury could conclude Florek was denied equal opportunity to benefit from Creighton's pharmacy program. On changing the time of the May 2021 exam, the uncontroverted record shows that Florek refused to comply with Creighton's reasonable requests for documentation, therefore foreclosing her failure to accommodate claim.

#### 1. Legal Framework

At trial Florek had to prove: "(1) Florek was disabled and otherwise qualified for the pharmacy program, (2) Creighton was a place of public accommodation that receives federal funding, and (3) Creighton failed to make reasonable modification that would accommodate Florek's disability without fundamentally altering the nature of Creighton's program." *Florek*, 2024 WL 4581466 at *10 (citing *Mershon v. St. Louis Univ.*, 442 F.3d 1069, 1076 (8th Cir. 2006)). An accommodation is necessary if it affords Florek "meaningful access or an equal opportunity to gain the same benefit as [her] nondisabled peers." *Argenyi v. Creighton Univ.*, 703 F.3d 441, 449 (8th Cir. 2013). However, "frustrating but isolated, instances . . . do not without more establish a violation of the ADA." *Gustafson v. Bi-State Dev. Agency of Missouri-Illinois Metro. Dist.*, 29 F.4th 406, 412 (8th Cir. 2022). Likewise, an educational institution may require reasonable

documentation of a student's disability and functional limitations as a condition of receiving disability accommodations. *Kaltenberger v. Ohio Coll. of Podiatric Med.*, 162 F.3d 432, 437 (6th Cir. 1998).

### 2. Quizzes

Creighton is entitled to judgement as a matter of law because, crediting Florek's testimony at trial, the quizzes in which she did not receive her accommodations were "frustrating but isolated instances . . . without more." *Gustafson*, 29 F.4th at 412. In *Gutafson*, a blind rider sued a regional transit authority claiming the transit authority failed to accommodate his disability when bus drivers drove past him on three occasions. *Id.* at 409–10. The court affirmed summary judgment in favor of the transit authority because plaintiff testified rode the bus between fifty and one hundred times during the period at issue, making the instances in which the bus drove by "frustrating but isolated instances" not a denial of meaningful access. *Id.* Here, Florek received time and a half as an accommodation in two semesters across several classes. The three quizzes in a single course are the only instances across a year in which she did not receive the time and a half accommodation. Florek scored 100% on two of the quizzes in which she did not receive her time and a half accommodation and, for the third, her instructor allowed her to retake the quiz with her accommodation in place. The failure to provide time and a half on the first three quizzes was an oversight, rather than an intentional refusal to provide the accommodation. The three quizzes did not impact Florek's academic performance or standing. However, because standing alone "frustrating but isolated instances" do not

7

amount to a denial of meaningful access, and Florek did not present any evidence showing something more, her claim fails as a matter of law.[4] *Gustafson*, 29 F.4th at 412.

### 3. Exam timing

Likewise, even taking the trial record in the light most favorable to her, a jury would be required to find for Creighton because Florek did not provide adequate documentation to be entitled to change the time of her exam as an accommodation for her disability. Creighton is permitted to establish procedures for the orderly processing of accommodation requests and can require reasonable documentation in support of accommodations requests. *Koester v. Young Men's Christian Ass'n of Greater St. Louis*, 855 F.3d 908, 913 (8th Cir. 2017); U.S. Dep't of Justice, ADA Title III Assistance Manual § III-4.1300 Illus. 1 ("A private summer camp requires parents to fill out a questionnaire and to submit medical documentation regarding their children's ability to participate in various camp activities. The questionnaire is acceptable if the summer camp can demonstrate that each piece of information requested is needed to ensure safe participation in camp activities.").[5] While guidance on reasonable documentation under Title III is sparse, EEOC guidance on this subject in the employment context is instructive. EEOC Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disability Act, EEOC Notice 915.002 (October 17, 2002), available at

---

[4] Creighton did not make any argument regarding meaningful access on summary judgment and the impact of the quizzes was unclear from the summary judgment record. While meaningful access is an "inherently fact intensive issue," (*Argenyi*, 703 F.3d at 449), the Eighth Circuit has decided meaningful access as a matter of law under analogous circumstances. *Gustafson*, 29 F.4th at 412 (affirming summary judgment based on meaningful access).

[5] The Title III implementing regulations concerning "[a]ny private entity that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes" (e.g., state bar organizations, standardized testing providers, and medical licensing boards) mirror illustration one and provides "[a]ny request for documentation, if such documentation is required, is reasonable and limited to the need for the modification, accommodation, or auxiliary aid or service requested." 28 C.F.R. § 36.309.

http://www.eeoc.gov/policy/docs/accommodation.html. The EEOC indicates that "[i]f an individual's disability or need for reasonable accommodation is not obvious, and s/he refuses to provide the reasonable documentation requested by the employer, then s/he is not entitled to reasonable accommodation." *Id.* Applying similar reasoning, courts around the country have concluded that a student's failure to furnish documentation of their functional limitations or need for accommodation upon request is fatal to a failure to accommodate claim. *See e.g., Kaltenberger*, 162 F.3d at 437 (affirming summary judgment for a college who required a formal diagnosis of a learning disability before providing accommodations); *Cox v. Univ. of Dayton*, No. 3:17-CV-00395, 2020 WL 1233822, at *5 (S.D. Ohio Mar. 13, 2020) (granting summary judgment based on student's failure to provide updated documentation in support of a request for accommodation); *Mucci v. Rutgers*, No. CIV. 08-4806 RBK, 2011 WL 831967, at *21–22 (D.N.J. Mar. 3, 2011) (granting summary judgment on a failure to accommodate claim related to extra time on an exam because plaintiff did not provide adequate documentation of her disability or need for accommodation); *Carlson v. Carroll Univ.*, No. 09-C-551, 2011 WL 5921445, at *12 (E.D. Wis. Nov. 28, 2011) (granting summary judgment when documentation provided by the student did not identify that a specific accommodation was necessary).

Here, even accepting Florek's testimony as true, two core issues would preclude a jury from finding in her favor: (1) the documentation did not establish that Florek's symptoms were permanent or ongoing in May 2023, and (2) the documentation did not establish that changing the time of Florek's exam was a necessary accommodation to account for Florek's TBI.

First, none of the documentation from Florek's providers indicated that her symptoms were permanent, nor provided a timeframe for recovery. In May 2021, the only information known to Creighton was Florek's statement that she was expected to recover within the year, and that Florek had not requested accommodations for the prior two semesters. Therefore, the status of Florek's disability was not obvious in May 2021 and Creighton was permitted to condition accommodations on supplemental documentation of her current diagnosis and functional limitations.

Second, even if a reasonable jury could conclude Florek's prior documentation was sufficient to establish a disability in May 2021 (or believe Florek's testimony that she was told that she did not have to provide additional documentation), none of the documentation provided by Florek indicated that a change in the time of her exam (be it a few hours or two days) was necessary in light of her disability. Specifically, the notes from her providers refer to extended time and the use of blue light filtering glasses, not the specific accommodation requested by Florek. Therefore, Creighton was permitted to condition changing the time of the exam on the receipt of documentation, establishing the necessity of the accommodation.

Based on these two issues, no reasonable jury could conclude that Florek's prior documentation established the permanency of her symptoms or the necessity of changing the time of her exams. Florek's own testimony establishes in May 2021, the ODA requested updated documentation and Florek refused to provide it. Florek's mistaken belief that such a request was not permitted under the ADA does not change the fact that Creighton was permitted to request reasonable documentation and she refused to provide it. While it is unfortunate that the lines of communication broke down between the parties,

Florek's refusal to provide reasonable documentation is fatal to her failure to accommodate claim and Creighton is entitled to judgment as a matter of law.[6]

### B. Unjust Enrichment

Creighton is entitled to judgment as a matter of law on Florek's unjust enrichment claim.  Under Nebraska law, to recover under an unjust enrichment theory, Florek had to show: (1) Creighton received money, (2) Creighton "retained possession of the money," and (3) "in justice and fairness ought to pay the money to [Florek]." *WWP, Inc. v. Wounded Warriors Fam. Support, Inc.*, 628 F.3d 1032, 1042 (8th Cir. 2011) (*quoting Kanne v. Visa U.S.A. Inc.*, 723 N.W.2d 293, 302 (Neb. 2006)).  Here, Florek failed to prove that she conferred a benefit on Creighton.  Specifically, Florek did not testify that she paid tuition to Creighton and the other evidence indicates that her tuition was paid by her father and Harmon, nonparties in this suit. Therefore, Florek did not prove that she conferred a benefit that ought to be paid to Florek, much less prove the value of the benefit with any specificity.  Recognizing that she failed to develop the testimony necessary to recover on an unjust enrichment theory, Florek stipulated to judgment on her unjust enrichment claim at the hearing on Creighton's Rule 50(a) motion.  Therefore, the Court grants judgment to Creighton on Florek's unjust enrichment claim.

### C. Wadas-Thalken

At the Rule 50(a) hearing, Florek indicated the parties agreed to dismiss Wadas-Thalken as a party.  This was the correct decision.  Wadas-Thalken's did not make *any* decision that led to Florek's dismissal or know of Florek's junior partnership contract with

---

[6] Creighton did not raise this argument at summary judgment, instead focusing on whether this accommodation was reasonable or requested by Florek and the factual record did not cleanly resolve the claim on summary judgment.  At the Rule 50(a) stage, the Court has the benefit of a developed record and additional argument on this issue.

Harmon, meaning the jury would be required to find in Wadas-Thalken's favor on Florek's tortious interference claim. *Macke v. Pierce*, 661 N.W.2d 313, 317 (Neb. 2003) (requiring proof of knowledge of the business relationship and an intentional act of interference to recover on a tortious interference claim). Therefore, the Court grants judgment to Wadas-Thalken.

### D. Issues Submitted to the Jury

Creighton's Rule 50(a) motion is moot as to Florek's remaining claims because the jury returned a verdict in their favor. *See* Fed. R. Civ. P. 50 advisory committee note to the 1991 amendment (indicating "a jury verdict for the moving party moots the" Rule 50 motion); *Silva v. Chung*, No. CV 15-00436 HG-KJM, 2019 WL 11234196, at *2 (D. Haw. June 19, 2019) (collecting cases).

## CONCLUSION

For the reasons stated above, IT IS ORDERED:

1. Creighton's Motion for Judgment as a Matter of Law is granted as to following claims: (1) failure to accommodate against Creighton, (2) unjust enrichment against Creighton, and (3) tortious interference with contract against Wadas-Thalken.

2. Creighton's motion is denied as moot as to the following claims: (1) retaliation against Creighton, and (2) tortious interference with contract against Creighton, Jones, and Skrabal.

Dated this 4th day of December, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge