IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KELLI FLOREK,

    Plaintiff,

v.

CREIGHTON UNIVERSITY, KATIE WADAS-THALKEN, RHONDA JONES a/k/a RHONDA REESON and MARYANN SKRABAL,

    Defendants.

CASE NO. 8:22-cv-00194-JFB-MDN

AFFIDAVIT OF SARAH M. HUYCK IN SUPPORT OF DEFENDANTS' BILL OF COSTS

I, Sarah M. Huyck, being of lawful age and first duly sworn upon oath, depose and state I have personal knowledge to testify about the facts stated in this Affidavit.

1. I am competent to testify and have personal knowledge of all matters stated herein.

2. I am an attorney with the law firm of Baird Holm LLP.

3. I am one of the attorneys representing Defendants, Creighton University, Katie Wadas-Thalken, Rhonda Jones a/k/a Rhonda Reeson, and Maryann Skrabal (collectively referred to hereafter as "Defendants") in the above-captioned case.

4. Plaintiff Kelli Florek ("Plaintiff" or "Florek") brought this lawsuit against Defendants alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12182 *et seq.*, as amended ("ADA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, Breach of Contract, Tortious Interference with Contract, and Unjust Enrichment.

5. On May 17, 2024, the Defendants filed a Motion for Summary Judgment (Dkt. No. 54). The Court entered a Memorandum and Order granting in part and denying in part the Defendants' Motion on October 18, 2024 (Dkt. No. 76).

6. The parties held a jury trial on the Plaintiff's claims, beginning on November 18, 2024. The jury reached a defense verdict on November 25, 2024, (Dkt. No. 124) and on December 18, 2024 the Court entered judgment dismissing the case (Dkt. No. 129).

7. Defendants hereby submit their Bill of Costs.

**FEES FOR PRINTED/ELECTRONICALLY RECORDED TRANSCRIPTS**

8. Defendants took the deposition of the Plaintiff on March 8, 2024. Defendants used Plaintiff's deposition in support of Defendants' Motion for Summary Judgment (Dkt. Nos. 54-58,

63-66, 71-72), to assess the Plaintiff's credibility at trial, to prepare for cross-examination of Plaintiff at trial, and during trial to impeach the Plaintiff's trial testimony. Defendants incurred $6,324.43 in taxable costs related to the deposition transcript, the video deposition, and the court reporter expenses and charges related to that deposition. Defendants provided notice to the Plaintiff that the deposition would be a recorded video deposition, to which the Plaintiff did not object. A true and correct copy of the Plaintiff's deposition notice is attached hereto as Exhibit A. The video deposition was necessarily obtained for use in this case to assess the Plaintiff's credibility at trial. *See Gonazalez v. Shahin*, 77 F.4th 1183, 1192 (8th Cir. 2023; *see also Barcomb v. Gen. Motors LLC*, 978 F.3d 545, 551 (8th Cir. 2020). That Defendants did not use Plaintiff's video deposition at trial does not preclude awarding them costs. *See Am. Modern Home Ins. Co. v. Thomas*, No. 4:16CV215 CDP, 2019 WL 3974351, at *5 (E.D. Mo. Aug. 22, 2019) ("This requirement does not mean that the transcript is necessary for trial; transcript costs are taxable if 'necessary for use in the case.'") (citing *Smith v. Tenet Healthsys. SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006)). A true and correct copy of the pertinent invoice and payment thereof is attached hereto as Exhibit B.

9. Plaintiff noticed and took the deposition of individually named Defendant Dr. Maryann Skrabal on December 5, 2023. Defendants incurred a total of $382.55 in taxable costs related to the deposition transcript and the court reporter expenses and charges related to that deposition. Defendants used Dr. Skrabal's deposition transcript in support of Defendant's Motion for Summary Judgment (Dkt. Nos. 54-58, 71-72), to prepare for trial, and Dr. Skrabal testified at trial. A true and correct copy of the pertinent invoice and payment thereof is attached hereto as Exhibit C.

10. Plaintiff noticed and took the deposition of individually named Defendant Dr. Katie Wadas-Thalken on December 20, 2023. Defendants incurred a total of $224.40 in taxable costs related to the deposition transcript and the court reporter expenses and charges related to that deposition. Defendants used Dr. Wadas-Thalken's deposition transcript in support of Defendant's Motion for Summary Judgment (Dkt. Nos. 54-58, 71-72), to prepare for trial, and Dr. Wadas-Thalken testified at trial. A true and correct copy of the pertinent invoice and payment thereof is attached hereto as Exhibit D.

11. Plaintiff noticed and took the deposition of individually named Defendant Dr. Rhonda Jones on January 23, 2024. Defendants incurred a total of $332.40 in taxable costs related to the deposition transcript and the court reporter expenses and charges related to that deposition.

Defendants used Dr. Jones' deposition transcript in support of Defendant's Motion for Summary Judgment (Dkt. Nos. 54-58, 71-72), to prepare for trial, and Dr. Jones testified at trial. A true and correct copy of the pertinent invoice and payment thereof is attached hereto as Exhibit E.

12. Defendant noticed and took the deposition of Greg Harmon on March 21, 2024. Defendants used Mr. Harmon's deposition in support of Defendants' Motion for Summary Judgment (Dkt. Nos. 54-58, 71-72), to assess Mr. Harmon's credibility at trial, and to prepare for cross-examination of Mr. Harmon at trial. Defendants incurred a total of $2,116.20 in taxable costs related to the deposition transcript, the video deposition, and the court reporter expenses and charges related to that deposition. Defendants provided notice to the Plaintiff that the deposition would be a recorded video deposition, to which the Plaintiff did not object. A true and correct copy of Mr. Harmon's deposition notice is attached hereto as Exhibit F. The video deposition was necessarily obtained for use in this case to assess Mr. Harmon's credibility at trial and in the event Mr. Harmon would not appear as a witness at trial because he is a resident of Hawaii and falls outside of the scope of Rule 45. *See Gonazalez v. Shahin*, 77 F.4th 1183, 1192 (8th Cir. 2023; *see also Barcomb v. Gen. Motors LLC*, 978 F.3d 545, 551 (8th Cir. 2020). That Defendants did not use Mr. Harmon's video deposition at trial does not preclude awarding them costs. *See Am. Modern Home Ins. Co. v. Thomas*, No. 4:16CV215 CDP, 2019 WL 3974351, at *5 (E.D. Mo. Aug. 22, 2019) ("This requirement does not mean that the transcript is necessary for trial; transcript costs are taxable if 'necessary for use in the case.'") (citing *Smith v. Tenet Healthsys. SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006)). A true and correct copy of the pertinent invoice and payment thereof is attached hereto as Exhibit G.

13. Plaintiff noticed and took the deposition of Denise Le Clair on February 15, 2024. Defendants incurred $156.10 in taxable costs related to the deposition transcript and the court reporter expenses and charges related to that deposition. Defendants used Ms. Le Clair's deposition transcript in support of Defendants' Motion for Summary Judgment (Dkt. Nos. 54-58, 71-72), to prepare for trial, and Mrs. Le Clair testified at trial. A true and correct copy of the pertinent invoice and payment thereof is attached hereto as Exhibit H.

14. Plaintiff noticed and took the deposition of Jacque Knedler on February 29, 2024. Defendants incurred $186.05 in taxable costs related to the deposition transcript and the court reporter expenses and charges related to that deposition. Defendants used Ms. Knedler's deposition transcript in support of Defendants' Motion for Summary Judgment (Dkt. Nos. 54-58, 71-72), to

prepare for trial, and Ms. Knedler testified at trial. A true and correct copy of the pertinent invoice and payment thereof is attached hereto as Exhibit I.

15. Plaintiff noticed and took the deposition of Dr. Kelly Nystrom on January 26, 2024. Defendants incurred $163.40 in taxable costs related to the deposition transcript and the court reporter expenses and charges related to that deposition. Defendants used Dr. Nystrom's deposition transcript in support of Defendants' Motion for Summary Judgment (Dkt. Nos. 54-58, 71-72), to prepare for trial, and Dr. Nystrom testified at trial. A true and correct copy of the pertinent invoice and payment thereof is attached hereto as Exhibit J.

16. Plaintiff noticed and took the deposition of Dr. Evan Robinson on November 29, 2023. Defendants incurred $177.90 in taxable costs related to the deposition transcript and the court reporter expenses and charges related to that deposition. Defendants used Dr. Robinson's deposition transcript in support of Defendants' Motion for Summary Judgment (Dkt. Nos. 54-58, 71-72) and to prepare for trial. Plaintiff identified Dr. Robinson on her witness list as one she "may" call. (Dkt. No. 83-2). Plaintiff did not ultimately call Mr. Robinson to testify at trial. A true and correct copy of the pertinent invoice and payment thereof is attached hereto as Exhibit K.

17. Plaintiff noticed and took the deposition of Dr. Michael Monoghan on December 8, 2023. Defendants incurred $200.65 in taxable costs related to the deposition transcript and the court reporter expenses and charges related to that deposition. Defendants used Dr. Monoghan's deposition transcript in support of Defendants' Motion for Summary Judgment (Dkt. Nos. 54-58, 71-72) and to prepare for trial. Plaintiff identified Dr. Monoghan on her witness list as one she "expected" to call. (Dkt. No. 83-2). Plaintiff did not ultimately call Dr. Monoghan to testify at trial. A true and correct copy of the pertinent invoice and payment thereof is attached hereto as Exhibit L.

18. Defendants used each of the above-referenced depositions and transcripts in support of the Defendants' Motion for Summary Judgment and/or evaluating Plaintiff's opposition to that motion. Defendants further used the above-referenced depositions and transcripts to prepare for and/or during trial of this matter, as referenced above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated this 17th day of January 2025.

                                                                                                  */s/ Sarah Huyck*
                                                                                                  Sarah M. Huyck

6604250.2