IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KELLI FLOREK,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CREIGHTON UNIVERSITY, RHONDA JONES, and MARYANN SKRABAL,<br><br>　　　　　　Defendants. | 8:22CV194<br><br>MEMORANDUM AND ORDER |

Before the Court is Creighton's Motion to Redact (Filing No. 150) and Kelli Florek's Motion to Redact (Filing No. 152). This is an Americans with Disabilities Act ("ADA") in which the Court entered judgment in Creighton's favor after a jury trial. Florek appealed to the Eighth Circuit. The parties seek to redact portions of the trial transcript. *See* Filing No. 150 at 1 and Filing No. 152 at 1–14. Creighton's motion is granted and Florek's motion is granted in part and denied in part.

## BACKGROUND

This is an ADA case whose exhaustive factual and procedural background is set forth in Court's prior orders. Basically, Florek alleged she was expelled from pharmacy school because: (1) she had a disability and (2) complained about Creighton's treatment of her disability. The Magistrate Judge entered a stipulated protective order governing discovery. The protective order required the parties to file materials designated as confidential in discovery under restricted access. *See* Filing No. 19 at 6. The parties designated Florek's student and medical records as confidential. The Court granted partial summary judgment to Creighton and resolved the parties' motions in limine. *See* Filing No. 76; Filing No. 103. There, the Court discussed the symptoms of Florek's

1

medical condition. *See, e.g.* Filing No. 76 at 7–8; Filing No. 103 at 6. Florek did not ask to redact or seal those orders, so they are available on the public docket. At trial, the jury heard extensive testimony and attorney argument about the symptoms of Florek's medical condition. The trial was open to—and attended by—members of the public. Florek did not request to close the courtroom for any position of the testimony. During trial, the Court and counsel made passing reference to the names of three jurors while discussing logistical issues, including a seated juror's illness, a seated juror's veterinary emergency, and a potential juror's professional relationship with Creighton's counsel.

The jury found in Creighton's favor on some claims and the Court granted judgment as a matter of law under Fed. R. Civ. P. 50 to Creighton on the rest. In the Rule 50 order, the Court discussed the symptoms of Florek's medical condition. Filing No. 128 at 1–4. Florek appealed.

Now, the parties move to redact portions of the trial transcript before it is publicly posted. Creighton moves to redact three lines which includes the jurors' names. Filing No. 150 at 1. Florek moves to redact five hundred and thirty-seven lines which also includes the jurors' names as well as testimony regarding the symptoms of her medical condition. Filing No. 152 at 1–14.

## LEGAL STANDARD

The Court's decision to redact a transcript of judicial proceedings implicates not only the interests of the parties but the interests of the public. That is because "[t]here is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings,

and 'to keep a watchful eye on the workings of public agencies.' It also provides a measure of accountability to the public at large, which pays for the courts." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).

"Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223. The public's interest is at its apex for "matters that directly affect an adjudication" or, in other words, play a part in the Court's "exercise of Article III judicial power" and its nadir for "matters that come within a court's purview solely to insure their irrelevance." *Id.* at 1223–24 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). "[T]he decision as to access is one best left to the sound discretion of the trial court . . . in light of the relevant facts and circumstances of the particular case." *Id.* at 1223 (quoting *Nixon*, 435 U.S. at 599).

## DISCUSSION

The Court concludes: (1) jurors' names should be redacted, (2) the medical information should not be redacted.

A. **Juror Names**

The Parties agree the jurors' names should be redacted. The Court concurs. The "redaction of juror names or portions of the transcript may constitute a reasonable alternative to safeguard jurors from unwarranted embarrassment and yet preserve the competing interests served by disclosure." *United States v. Edwards*, 823 F.2d 111, 120 (5th Cir. 1987). Here, each of references to juror names occurred while counsel and the

Court discussed personal matters affecting the juror's ability to serve. The identity of the juror with a sick dog or stomach ailment is of minimal, if any interest, to the public. Especially so, when none of these issues formed the basis of a motion by the parties or a ruling by the Court. The juror names are closer to "matters that come within a court's purview solely to insure [sic] their irrelevance" than "matters that directly affect an adjudication." *IDT Corp.*, 709 F.3d at 1224. Therefore, the jurors' names should be redacted.

B.  **Medical Information**

The medical information is a different story because the symptoms of Florek's medical condition are all over the public record and integral to the resolution of this case by the Court and the jury.

The trial transcript is a judicial record that the public has a right to access. It is the official record of what happened in a trial, filed on the public docket, for the Circuit court's consideration on appeal. Other courts have reached the same conclusion. *See e.g., Krueger v. Ameriprise Fin., Inc.*, No. CV 11-2781 (SRN/JSM), 2014 WL 12597948, at *10 (D. Minn. Oct. 14, 2014) ("Judicial orders and hearing transcripts reflect the everyday business of the courts and clearly amount to judicial records.") *objections overruled at Krueger v. Ameriprise Fin., Inc.*, No. 11-CV-02781 SRN/JSM, 2015 WL 224705 (D. Minn. Jan. 15, 2015); *Wood v. Robert Bosch Tool Corp.*, No. 4:13CV01888 PLC, 2016 WL 7013034, at *7–8 (E.D. Mo. Nov. 30, 2016).

Florek's privacy interest in her medical information, while potentially weighty, is diminished by its repeated public disclosure. Certainly, as a general matter, Florek has a privacy interest in her medical information. *United States v. Kravetz*, 706 F.3d 47, 63 (1st

Cir. 2013) ("Medical information is . . . universally presumed to be private, not public.") (internal citations omitted).  But Florek's "claim of privacy in [her] medical records, however, may lose some force in light of [her] prior publication of the information that [she] now seeks to protect." *Id.*; *see also Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 493–95 (1975) ("[T]he interests in privacy fade when the information involved already appears on the public record."). For example, in *Kravetz* the First Circuit concluded a criminal defendant had a diminished privacy interest in his medical information, when "[i]n his public sentencing hearing, he articulated not only the full panoply of ailments from which he suffers, but also the dire predictions for his health should he fail to take immediate steps to improve his condition." 706 F.3d at 63; *see also Woods v. City of St. Louis*, No. 4:24-CV-00868-MTS, 2025 WL 40759, at *2 (E.D. Mo. Jan. 7, 2025) (noting, in an ADA case, "when a plaintiff places a medical condition at issue, it undermines his [or her] request that information related thereto be sealed" and declining to seal medical records) (citation omitted). Here, Florek listed the exact symptoms she now seeks to redact in her publicly filed complaint and testified about them in open court. *Compare* Filing No. 152 at 1–14 *with* Filing No. 1 at 3, 5, 13, ¶¶ 17, 29, 71. Moreover, discussion of these symptoms appears in the Court's orders on summary judgment, the parties' motions in limine, and judgment as a matter of law. Filing No. 76 at 7–8; Filing No. 103 at 6; Filing No. 128 at 1–4. Indeed, some of the proposed redactions, such as expert testimony describing the structure of the brain, do not implicate any privacy interests. Filing No. 152 at 8. Thus Florek's "claim of privacy in [her] medical records . . . lose[s] some force in light of" the information's appearance in the public record and "[her] prior publication of the information that [she] now seeks to protect." *Kravetz*, 706 F.3d at 63.

On the other hand, the public's interest in this information is weighty because Florek's medical condition was a key issue for the jury and the Court.  The public has a heightened interest in "matters that directly affect an adjudication" because accessing "material at issue in the exercise of Article III judicial power" is valuable for "monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1223–24 (*quoting Amodeo*, 71 F.3d at 1049–50).  Here, Florek sued Creighton for disability discrimination.  She had to prove her medical condition was a disability to the jury to succeed on her claim.  And the Court's decision on Creighton's Rule 50 Motion was driven in part by the testimony Florek seeks to redact.  For the public to decide whether the Court did a good job, or the jury reached a just verdict, they would need to know the details of Florek's testimony.  These weighty interests outweigh Florek's residual privacy interest.  After all, "[w]hen [litigants] call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials.  Judicial proceedings are public rather than private property, and the third-party effects that justify the subsidy of the judicial system also justify making records and decisions as open as possible." *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

Florek's motion does not discuss her interests or account for the public's right of access.  Instead, she argues the parties' protective order requires the transcript be redacted.  Filing No. 152 at 1.  But "a protective order is entirely different than an order to seal or redact Court documents and implicates entirely different interests." *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, 960 F. Supp. 2d 1011, 1013 (D. Minn. 2013).  "A protective order . . . is designed to assist in the pretrial discovery process—a process that might yield information that is 'unrelated, or only tangentially related, to the underlying

cause of action.'" *Id.* (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). However, "portions of discovery that are filed and form the basis of judicial action must eventually be released." *Union Oil Co. of California*, 220 F.3d at 568. Thus, once Florek disclosed information regarding her medical condition in open court and the Court used that information in its exercise of its Article III power, the protective order had no more work to do.

"[P]arties cannot, by their own private arrangement, dictate the flow of information in what is otherwise a public proceeding, unless there is good reason to do so." *Krueger*, 2014 WL 12597948 at *10. Weighing Florek's interest against the public's, the Court concludes there is no good reason to redact testimony regarding Florek's medical condition from the trial record.

## CONCLUSION

The public's interest in the names of jurors is minimal and the jurors' privacy interests are weighty, meriting redaction. Testimony regarding Florek's medical condition went to a core issue in this case and was key to the Court's exercise of its Article III power. So, the public's right to access outweighs any privacy interest remaining after Florek proceeded to a public jury trial.

Therefore, IT IS ORDERED:

1. Creighton's Motion to Redact (Filing No. 150) is granted. The Court Reporter is directed to redact the jurors' names appearing at Vol. 1, P11:L16, Vol. 1, P11:L20, Vol. 6, P10004:L1.

2. Florek's Motion to Redact (Filing No. 152) is granted in part. The Court Reporter is directed to redact the juror's name appearing Vol. 3 P353:L10. Florek's motion is otherwise denied.

Dated this 17th day of April, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge